UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO BARRIGA, an individual, ) | Case No.: C 09-00885 PVT |
| ) | |
| Plaintiff, ) | **ORDER GRANTING IN PART AND** |
| ) | **DENYING IN PART DEFENDANT JP** |
| v. ) | **MORGAN CHASE BANK'S MOTION TO** |
| ) | **DISMISS PLAINTIFF'S FIRST AMENDED** |
| JP MORGAN CHASE BANK, N.A., A ) | **COMPLAINT; AND GRANTING PLAINTIFF** |
| New York corporation, CHASE HOME ) | **LEAVE TO AMEND** |
| FINANCE, LLC, a Delaware limited ) | |
| liability company, and DOES 1 through 50, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Presently pending before the court is Defendants' Motion to Dismiss. Based on all the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART, with leave for Plaintiff to file an amended complaint as discussed herein. Plaintiff shall file the amended complaint within 30 days after entry of this order. Defendants shall have 30 days after Plaintiff files his amended complaint to file their response.

**I.      LEGAL STANDARDS ON MOTION TO DISMISS**

**A.      DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. Dismissal is warranted where the complaint lacks a cognizable legal

theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

A complaint may also be dismissed where it presents a cognizable legal theory, but fails to plead facts essential to the statement of a claim under that theory. *Robertson*, 749 F.2d at 534. The Supreme Court has held that, while a complaint does not need detailed factual allegations:

> "[a] plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

### B. LEAVE TO AMEND

Leave to amend must "be freely given when justice so requires." Fed.R.Civ.P. 15(a). This policy is applied with "extraordinary liberality". *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## II. DISCUSSION

### A. PLAINTIFF'S FIRST AND SEVENTH CAUSES OF ACTION FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200 AND UNFAIR BUSINESS PRACTICES

#### 1. Plaintiff Has Standing to Assert a Claim under Section 17200

Defendants contend that Plaintiff has no standing to assert a claim under Section 17200. Specifically, Defendants refer to Paragraphs 48 through 50 of Plaintiff's First Amended Complaint ("FAC") and claim that Plaintiff fails to allege that he suffered an injury in fact, or even that he lost any money or property as a result of the purported misstatements. However, there are sufficient allegations in Paragraphs 39 through 45 (which are expressly incorporated by reference into these

causes of action) that the Plaintiff suffered damages. Plaintiff allegedly made monthly payments totaling $5,271.43 to the Defendants, which consisted of $3,695.32 on the first loan and $1,576.11 on the second loan, from March 2006 (date of property purchase) up until December 8, 2008. The total amount alleged is thus approximately $173,957.19.[1] Such monetary damages are sufficient to confer standing under Section 17200.

### 2. Plaintiff Sufficiently Alleges a Cause of Action for Unfair Business Practices under Section 17200

#### a. *Plaintiff alleges several "business practices"*

Defendants contend that Plaintiff fails to allege actions that rise to the level of a "pattern of behavior," "course of conduct" or "business practice" within the meaning of Section 17200. They refer solely to Paragraphs 47 to 49 and 78 to 81. However, there are extensive allegations of business practices in Paragraphs 10 through 37 (which are incorporated by reference into this cause of action). Plaintiff alleges Defendants "purposefully relaxed their underwriting guidelines and sold increasingly risky loan products to increase their loan origination volume" and took "no meaningful steps to determine whether borrowers could actually repay a loan." *See* FAC, ¶ 15. He also alleges that Defendants have a "business model of making loans for quick resale" that rendered them "indifferent to whether borrowers...could afford the loans beyond a very short term" in order to "maximize loan resale profits through unfair and exceedingly risky loan products, unfair underwriting practices, deceptive loan sales practices through its own conduct and the conduct of mortgage brokers." *See* FAC, ¶ 16. And he alleges that "due to Defendant JP Morgan's compensation structure and policies, employees, brokers, loan officers, and related Defendants, and each of them, conspired to steer potential borrowers...into costly sub-prime mortgages with higher interest rates and for a larger amount in order to maximize their profits." *See* FAC, ¶ 17. These allegations of business practices are sufficient to support a claim under Section 17200.

#### b. *Plaintiff adequately alleges Defendants' practices are "unfair"*

Plaintiff adequately alleges that Defendants' business practices are "unfair" within the

---

[1] This figure is based on monthly payments of $5,271.43 made over 33 months starting from April 2006 to December 2008. Actual figure may vary by a month depending on the actual date of the property closing.

1  meaning of Section 17200.² The California Supreme Court has held that, "in the context of an unfair
2  competition claim brought by a competitor, ... 'any finding of unfairness ... [must] be tethered to
3  some legislatively declared policy.'" *See Cel-Tech Communications, Inc. v. Los Angeles Cellular*
4  *Telephone Co.*, 20 Cal.4th 163, 185-87 (1999).  In formulating this standard with regard to claims
5  brought by a competitor, the California Supreme Court sought guidance from the jurisprudence
6  arising under the "parallel" Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45(a))
7  ("Section 5"). *See Cel-Tech*, 20 Cal.4th at 185-87.  The court noted that Section 5 contains two
8  prohibitions: one against "unfair methods of competition" and the other against "unfair or deceptive
9  acts or practices."  The former generally applies to competitors, while the latter governs injuries to
10 consumers as well as competitors. *See Cel-Tech*, 20 Cal.4th at 186 n. 11, citing *Barquis v. Merchants*
11 *Collection Assn.*, 7 Cal.3d 94, 109-110 (1972).  Because the *Cel-Tech* case was an action between
12 competitors, the court found that the relevant jurisprudence would be that arising under Section 5's
13 prohibition against "unfair methods of competition." *See Cel-Tech*, 20 Cal.4th at 186.

14 After *Cel-Tech*, there was "some uncertainty about the appropriate definition of the word
15 'unfair' in consumer cases brought under section 17200." *See Camacho v. Automobile Club of*
16 *Southern California*, 142 Cal.App.4th 1394, 1400 (2006).  Before the *Cel-Tech* ruling, courts had
17 applied a balancing test, in which a court weighed "the utility of the defendant's conduct against the
18 gravity of the harm to the alleged victims." *See Motors Inc. v. Times Mirror Co.*, 102 Cal.App.3d
19 735, 740 (1980).  After *Cel-Tech*, some California courts have applied the *Cel-Tech* standard while
20 others have continued to apply the balancing test. *See Camacho*, 142 Cal.App.4th at 1401.  The court
21 in *Camacho* noted that *Cel-Tech* itself holds the key to the definition of "unfair" in consumer cases,
22 by virtue of its use of guidance from the jurisprudence under Section 5 of the Federal Trade
23 Commission Act.  Thus, to determine what constitutes "unfairness" in consumer cases, the court in
24 *Camacho* adopted a standard that parallels the consumer protection component of Section 5:
25 "(1) The consumer injury must be substantial; (2) the injury must not be outweighed by any
26 countervailing benefits to consumers or competition; and (3) it must be an injury that consumers

---

² Section 17200 provides, in relevant part, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

themselves could not reasonably have avoided." *See Camacho*, 142 Cal. App. 4th at 1403 (citations and footnotes omitted). The court in *Camacho* explained that this standard is "on its face geared to consumers and is for that reason appropriate in consumer cases" and that it is "also suitably broad and is therefore in keeping with the 'sweeping' nature of section 17200." *See Camacho*, 142 Cal. App. 4th at 1403.

In the present case, Plaintiff alleges that Defendants conspired with appraisers and other agents to inflate home values, and thus loan amounts and their own profits, by choosing only appraisers who would appraise the property at whatever value Defendants wanted stated in the appraisal. *See* FAC, ¶ 21. Plaintiff also alleges that Defendants induced homeowners to accept risky loan products by, among other things, failing to clearly and conspicuously disclose how much and how soon the monthly payments would increase, as well as whether the monthly payments included insurance and taxes. *See* FAC, ¶ 22. Plaintiff further alleges that Defendants made false promises that JPMorgan could refinance loans before the rates increased and would waive the prepayment penalties. In addition, Plaintiff alleges that Defendants "steer qualified borrowers away from safer, fixed rate, prime loans that they could afford and towards risky, sub-prime adjustable rate mortgages in order to maximize their fees and profits." *See* FAC, ¶ 22.

A reasonable trier of fact could find that the foregoing allegations meet the standard set forth in *Camacho* by finding that: 1) the injury to consumers is substantial, potentially causing them to lose their homes and their investments in their homes; 2) there do not appear to be any countervailing benefits to consumers or competition that would outweigh the infliction of such substantial injuries on consumers; and 3) average consumers could not reasonably avoid such injuries because they lack the expertise necessary to understand complex home loan documents. Thus, the allegations are sufficient to support a claim under Section 17200.

**B.   PLAINTIFF'S SECOND AND SIXTH CAUSES OF ACTION FOR FRAUD OR "FRAUD IN THE INDUCEMENT"**

**1.   Plaintiff Meets the Rule 9 Specificity Requirement**

Defendants contend that Plaintiff fails to plead with any degree of specificity what representations were made, to whom, by whom, when, or by what means such representations were

tendered in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. However, as noted by Plaintiff in his reply brief, such a requirement is relaxed in cases such as corporate fraud. In accordance with the standard denoted in *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), Plaintiff only has to include the misrepresentations themselves with particularity. Plaintiff clearly meets this lowered standard as Plaintiff alleges that the Defendants stated, among other things, that the value of the Subject Property which supported the loan was accurately appraised, that Plaintiff could easily refinance the loan prior to a rate increase, that any prepayment penalties would be waived, and that the loans offered to Plaintiff were the safest available to him. *See* FAC, ¶ 51. Although Plaintiff did not specify a precise time that the fraudulent representations took place, there is sufficient information to determine the timing of the alleged fraud based on the dates of the loan documents.

**2.    Plaintiff Alleges the Essential Elements of Justifiable Reliance**

Defendants contend that Plaintiff fails to allege the essential elements of justifiable reliance and fails to allege any act or omission in which Plaintiff engaged in reliance on the alleged misrepresentation. Defendants refer to Paragraph 60 and contend it contains only conclusory allegations regarding justifiable reliance. However, in Paragraphs 52 and 53 Plaintiff adequately alleges that reliance was justifiable because the Defendants held themselves out as experts in the mortgage industry.

**3.    Plaintiff Adequately Alleges Fraud in the Inducement**

Defendants contend that Plaintiff fails to satisfy the particularity requirement for fraud in the inducement by merely setting forth conclusory allegations. However, as noted above, such a requirement is relaxed in cases such as corporate fraud. *See Moore v. Kayport Package Express*, 885 F.2d at 540. In Paragraph 74, Plaintiff listed the specific representations allegedly made by the Defendants, which suffices to meet the particularity requirement for corporate fraud. Plaintiff also alleges that Defendant JP Morgan, in conspiracy with Chase, stated various specific misrepresentations to Plaintiff in order to induce him to agree to the residential mortgage loan. *See* FAC, ¶¶ 51, 73-74. Plaintiff also provided support for these allegations by extensively discussing the mortgage scheme in which Defendants purportedly engaged in that involved fraudulent

inducement. *See* FAC, ¶¶ 11-37.

### C. PLAINTIFF'S THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Defendants contend that no valid oral contract exists between the Plaintiff and the Defendants in relation to the prepayment clause. Defendants argue that an oral agreement to modify the loan contract, even if made, is not binding and that to effectuate any modification, the modification must be in writing as per Section 1698(a) of the California Civil Code.

Under California law, "terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or a contemporaneous oral agreement." Cal. Code Civ. Proc. §1856(a). Parol evidence is a rule of substantive law that applies to restrict the introduction of extrinsic evidence to add to or alter the terms of an integrated written document. See, Harry D. Miller, 1 Miller & Starr California Real Estate § 1.60 at 159 (West 2000). The residential mortgage loan contract in question is not presently before the court and thus the court cannot determine whether an integration clause is present. Thus, Defendants have not shown that the alleged oral promise to waive the prepayment penalty is barred by the parol evidence rule.[3]

### D. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR CONVERSION

Defendants contend that Plaintiff fails to identify any specific, identifiable sums that Defendant allegedly converted and thus the claim should be dismissed. However, as discussed in Section II.A.1, above, the specific amount that the Defendants allegedly converted from Plaintiff is readily determinable.

### E. PLAINTIFF'S FIFTH CAUSE OF ACTION FOR QUIET TITLE

In Plaintiff's Opposition to Defendants' Motion to Dismiss dated May 22, 2009, Plaintiff conceded his claim for quiet title is insufficient. Therefore, this portion of the Motion to Dismiss is granted with leave for plaintiff to file an amended complaint.

---

[3] Even if an integration clause is present in the residential loan mortgage contract, the wording of the prepayment penalty clause would have to be compared with the exact oral agreement to determine whether the parol evidence rule applies.

### F. PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

Defendants are lending institutions and maintained only a borrower-client relationship with the Plaintiff. "The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App. 3d 1089, 1093 (1991) (citing *Price v. Wells Fargo Bank,* 213 Cal.App. 3d 465, 476-478 (1989)). A commercial lender is entitled to pursue its own economic interests in a loan transaction. *Id*. (citing *Kruse v. Bank of America,* 202 Cal.App. 3d 38, 67 (1988)). As such, the Defendants do not have any direct fiduciary duty owed towards the Plaintiff. To the extent Plaintiff alleges a conspiracy to breach the broker's fiduciary duty, that claim is covered in the tenth cause of action. This portion of the Motion to Dismiss is granted with leave for Plaintiff to file an amended complaint.

### G. PLAINTIFF'S NINTH CAUSE OF ACTION FOR DEFAMATION

Defendants contend that the purported communication to credit reporting agencies, even if false, is privileged under Civil Code §47(c). However, as pointed out by the Defendants, such protection under Civil Code §47(c) is unavailable if the communication was made with malice. Plaintiff is alleging that Defendants conspired to make false statements about the amount the Plaintiff owed in order to defame Plaintiff's reputation and lower the credit score. *See* FAC, ¶ 90. Plaintiff also alleges that Defendant's actions were "intentional, oppressive, and with fraud or malice in conscious disregard of Plaintiff's rights". *See* FAC, ¶ 91. Given that malice is alleged by the Plaintiff, it cannot be determined at the pleading stage whether Civil Code Section 47(c) applies.

### H. PLAINTIFF'S TENTH CAUSE OF ACTION FOR CIVIL CONSPIRACY

Defendants contend that Plaintiff fails to allege any facts concerning wrongful acts purportedly committed by Defendants. Defendants base their argument solely on the allegations in Paragraph 94, and ignore the extensive details alleged by the Plaintiff in Paragraphs 10 through 37. In those sections, Plaintiff made specific allegations of conspiracy such as conspiring to induce and reward mortgage brokers to originate unduly risky and in some cases even fraudulent loans. The specific allegations of civil conspiracy are sufficient to survive a motion to dismiss.

### I. PLAINTIFF'S ELEVENTH CAUSE OF ACTION FOR AIDING AND ABETTING

Defendants contend that Plaintiff fails to proffer any factual allegations or details concerning Defendants' knowledge of any unlawful or tortuous conduct. In referring only to Paragraphs 98 through 109, Defendants argue that Plaintiff alleges only conclusions that Defendants "knew" and "had knowledge" of "said conduct." However, Defendants fail to acknowledge Paragraph 97 which incorporates all preceding paragraphs. Specifically, in Paragraphs 10 through 37, Plaintiff alleges in detail various aiding and abetting activities. These specific allegations are sufficient to support a claim of civil conspiracy.

### J. PLAINTIFF'S TWELFTH CAUSE OF ACTION FOR UNLAWFUL JOINT VENTURE

Defendants seek dismissal of Plaintiff's unlawful joint venture claim, arguing that there is no authority recognizing these claim. Since Plaintiff has not shown that these are legally viable claims, this portion of the motion is granted. However, the court grants leave for plaintiff to file an amended complaint as to this cause of action if he finds authority to support such a cause of action.

### K. PLAINTIFF'S THIRTEENTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF

Defendants contend that Plaintiff fails to show that Defendants are liable under any cause of action as asserted in his complaint and is thus not entitled to any injunctive relief. However, in light of the rulings in this order, there are substantive causes of action that might entitle the Plaintiff to injunctive relief.

### L. PLAINTIFF'S FOURTEENTH CAUSE OF ACTION FOR RESCISSION

In Plaintiff's Opposition to Defendants' Motion to Dismiss dated May 22, 2009, Plaintiff conceded his claim for Rescission is insufficient. Therefore, this portion of the Motion to Dismiss is granted with leave for plaintiff to file an amended complaint.

### III. CONCLUSION

Plaintiff has sufficiently alleged causes of action for: violations of business and professions code 17200 (first cause of action), fraud (second cause of action), breach of implied covenant of good faith and fair dealing (third cause of action), conversion (fourth cause of action), fraud in the inducement (sixth cause of action), unfair business practices (seventh cause of action), defamation

(ninth cause of action), civil conspiracy (tenth cause of action), aiding and abetting (eleventh cause of action), and injunctive relief (thirteenth cause of action). For all of these causes of action, Defendants' motion to dismiss is DENIED.

      The Defendants' motion to dismiss is GRANTED with leave to amend as to Plaintiff's claims for: quiet title (fifth cause of action), breach of fiduciary duty (eighth cause of action), unlawful joint venture (twelfth cause of action), and rescission (fourteenth cause of action).

Dated: *March 19, 2010*

                                                 *[signature]*
                                      PATRICIA V. TRUMBULL
                                      United States Magistrate Judge